IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00819-CNS-NRN

JEFFREY FLECKENSTEIN,

Plaintiff,

v.

CORE CIVIC, Private Prison,
MOSES ANDRES STENCIL, Executive Director of the Colorado Department of Corrections, and
SOTMP Mental Health Department,

Defendants.

**REPORT AND RECOMMENDATION ON
CDOC DEFENDANTS' PARTIAL MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(B)(1) AND 12(B)(6) (Dkt. #21)
and
MOTION TO DISMISS FROM DEFENDANT CORECIVIC (Dkt. #33)**

**N. Reid Neureiter
United States Magistrate Judge**

This prisoner civil rights case is before the Court pursuant to Orders (Dkt. ##22 & 34) issued by Judge Charlotte N. Sweeney referring Defendants Moses Andre Stancil[1] and SOTMP Mental Health Department's (collectively, the "CDOC Defendants") Partial Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. #21), and Defendant CoreCivic's Motion to Dismiss (Dkt. #33). Both motions have been fully briefed, and the Court heard argument from the parties on October 10, 2023.

The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the

---

[1] Plaintiff's Complaint misidentifies this Defendant as "Moses Andre Stencil."

reasons discussed below, the Court **RECOMMENDS** that both motions to dismiss (Dkt. ##21 & 33) be **GRANTED** and that this case proceed only on Plaintiff's claim for prospective injunctive relief against the Colorado Department of Corrections ("CDOC").

## BACKGROUND[2]

Plaintiff is an inmate in the custody of the CDOC serving an indeterminate sentence under the Colorado Sex Offender Lifetime Supervision Act of 1998 (the "1998 Act"), Colo. Rev. Stat. §§ 18-1.3-1001–1012. (Dkt. #1 at 8.) Plaintiff is incarcerated at the Bent County Correctional Facility ("BCCF"), a private correctional facility owned and operated by Defendant CoreCivic.

Plaintiff alleges that the CDOC Defendants and CoreCivic have denied him the opportunity to participate in the Sex Offender Treatment and Monitoring Program ("SOMTP") which, under the 1998 Act, is a prerequisite for parole. (*Id.*) Plaintiff claims that being "warehoused" for years with no opportunity to complete the requisite treatment violates his Fourteenth Amendment rights. At various status conferences, Plaintiff has further explained that while he was out on parole, he had been compliant with his sex-offender treatment obligations. He violated the terms of his parole based on a minor (and non-sex related) violation which normally would not have sent back to prison for very long. But because sex-offender treatment is a mandatory condition of parole, and because he is in a facility that does not offer sex-offender treatment, his prison term, which should have been just months, has been extended to four years—all

---

[2] The following allegations are taken from Plaintiffs' Prisoner Complaint (Dkt. #1) and all non-conclusory allegations are presumed true for the purposes of the motions to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

2

because the sex-offender treatment he was receiving on the outside has not been made available on the inside. Plaintiff sues under 42 U.S.C. § 1983[3] and seeks injunctive relief ("placement in his appropriate treatment") and $100,000 in monetary damages as "compensation for mental breakdowns, collapse, and psychological effects," including thoughts of "self-harm, suicide, paranoia, hypervigilance, psychosis, cognitive disturbances, perceptual distortions, obsessive thoughts, anxiety and major depression." (*Id.* at 13.)

Plaintiff exhausted his administrative remedies through the CDOC's grievance process. In his grievances, he requested to be placed into SOTMP "now." (*See id.* at 8–10.) In denying his Step 3 grievance, the grievance coordinator explained

> There is a priority of treatment of offenders and that prioritization is articulated in [Administrative Regulation] 700-19.[4] In this time of limited resources there are a limited number of treatment slots available. There is no method to determine the exact time line for treatment; however, if you have indeterminate life sentence and designated "R" treatment, there is a priority list. You should review AR 700-19 for the criteria regarding treatment or you can kite mental health (SOTMP) for questions regarding treatment qualifications. You do not have to complete SOTMP to be considered for parole, but you must be progressing in treatment. Based on the foregoing, I cannot recommend any relief in this matter.

(*Id.* at 10.)

Defendants now move to dismiss.

---

[3] To state a claim for relief under § 1983, a plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by a federal statute or regulation, (2) that was proximately caused (3) by the conduct of a "person," (4) who acted under color of any state statute, ordinance, regulation, custom or usage. *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002).

[4] Administrative Regulation ("AR") 700-19 deals with the CDOC's sex offender treatment policy and is attached to the CDOC Defendants' motion to dismiss. (*See* Dkt. #21-1.) The Court takes judicial notice of CDOC regulations. *See Allen v. Clements*, 930 F. Supp. 2d 1252, 1260 n.2 (D. Colo. 2013).

3

The CDOC Defendants concede that Plaintiff's request for injunctive relief against the CDOC is adequately pled, but that is the only claim they say should survive. Thus, they seek dismissal under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure of (1) all claims against the "SOTMP Mental Health Department" as barred by the Eleventh Amendment; (2) all claims for monetary relief because Plaintiff has not adequately alleged a physical injury as required by the Prison Litigation Reform Act ("PLRA"); and (3) the individual capacity claims against Defendant Stancil for lack of personal participation.

CoreCivic argues that dismissal is appropriate because it has no authority over any housing decisions or inmate treatment programs, as these responsibilities are vested in the CDOC.

## LEGAL STANDARDS

### I. Pro Se Plaintiff

Plaintiff proceeds pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional

4

...
...

factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### II. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "[T]he party invoking federal jurisdiction," generally the plaintiff, "bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Rule 12(b)(1) allows a defendant to raise the defense of the Court's "lack of subject-matter jurisdiction" by motion. Fed. R. Civ. P. 12(b)(1).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack "questions the sufficiency of the complaint," and when "reviewing a facial attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). When reviewing a factual

attack, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) (unpublished).

### III. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court

6

considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

**I. The CDOC's Partial Motion to Dismiss (Dkt. #21)**

As noted above, the CDOC Defendants request dismissal of all claims against Defendant "SOTMP Mental Health Department," any individual liability claims against Defendant Stancil, and all claims for money damages. The Court largely agrees and concludes that the Eleventh Amendment bars Plaintiff's claims for monetary damages against the CDOC.

"It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own

7

citizens or citizens of another state without their consent." *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted). The Eleventh Amendment's protections extend "to state agencies functioning as an arm of the state." *Id.* (citation omitted). Colorado has not waived, nor has Congress abrogated, its Eleventh Amendment sovereign immunity from claims brought under 42 U.S.C. § 1983. *Hughes v. Colorado Dep't of Corr.,* 594 F. Supp. 2d 1226, 1233 (D. Colo. 2009). Thus, pursuant to the Eleventh Amendment, the Court lacks subject matter jurisdiction to adjudicate an action brought by a citizen of Colorado against the State of Colorado, its agencies, or its officials in their official capacities for money damages or injunctive relief for prior acts.[5] *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

Plaintiff purports to sue Defendant "SOTMP Mental Health Department" in its official capacity. Because the SOTMP is a CDOC-operated program, this is just another way of saying Plaintiff is suing the CDOC, a Colorado state agency entitled to Eleventh Amendment immunity. *See Griess v. State of Colo.,* 841 F.2d 1042, 1044 (10th Cir. 1988) (stating that application of Eleventh Amendment immunity to the CDOC is "undeniable" absent waiver by the State).

Plaintiff also sues Defendant Stancil solely in his official capacity as the Executive Director of the CDOC. (*See* Dkt. #1 at 3, indicating that Defendant Stancil is only sued in his official capacity.)[6] "[A]n official-capacity suit is, in all respects other than

---

[5] Here, Plaintiff says he is still being denied access to treatment, so he does not seek injunctive relief for only prior acts.

[6] To the extent that Plaintiff intended to assert an individual capacity claim against Defendant Stancil, the Court agrees that it fails as a matter of law because he does not allege that Defendant Stancil personally participated in denying Plaintiff sex offender treatment, and personal participation is "an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (citations omitted).

8

name, to be treated as a suit against the entity." *Griess,* 841 F.2d at 1045 (citation omitted). Thus, Plaintiff's claims against the CDOC Defendants are actually only claims against the State of Colorado, and Colorado cannot be sued under § 1983 for money damages.

Therefore, the Court should dismiss all claims against Defendant "SOTMP Mental Health Department" as duplicative of Plaintiff's claims against the CDOC (as asserted against Defendant Stancil in his official capacity), and any claims for money damages against the CDOC are barred by the Eleventh Amendment and should likewise be dismissed.

## II. CoreCivic's Motion to Dismiss (Dkt. #33)

Although damages are not recoverable from the CDOC and its employees who are sued in an official capacity, Plaintiff is not barred from recovering damages from CoreCivic. *See Phillips v. Tiona*, 508 F. App'x 737, 751–52 (10th Cir. 2013) ("[W]hereas the State and its CDOC employees enjoy Eleventh Amendment immunity from damages suits under § 1983 for their official actions, and CDOC employees in their individual capacities enjoy qualified immunity in § 1983 damages actions, [CoreCivic] and its private prison employees enjoy neither. They are fully exposed to the numerous civil rights suits brought by inmates.") (footnote omitted). However, while private actors like CoreCivic are "persons" subject to suit under § 1983, they cannot face liability based solely on the actions of their employees. *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Dubbs*, 336 F.3d at 1216 (applying municipal direct-liability standard in § 1983 suit against private entity acting under color of state law and discussing

9

inapplicability of vicarious liability). Rather, to state a claim upon which relief may be granted under § 1983 against CoreCivic, Plaintiff must allege: (1) an official policy or custom of CoreCivic; (2) which caused a violation of Plaintiff's federal right(s); and (3) which "was enacted or maintained with deliberate indifference to an almost inevitable" federal right(s) violation. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–71 (10th Cir. 2013).

CoreCivic's argument for dismissal is simple: as a private correctional facility, it has no control over where Plaintiff is housed or whether he has access to the SOTMP. In other words, Plaintiff's claim fails because he cannot name any official policy or custom of CoreCivic that is responsible for the alleged violation of his constitutional rights. The Court agrees.

In *Phillips*, the Tenth Circuit described the State of Colorado's "intimate" involvement in privately run prisons:

> Private prisons in Colorado must, among other things, "abide by operations standards for correctional facilities adopted by the executive director of the department of corrections." [Colo. Rev. Stat.] § 17–1–202(1)(e). Notably, inmates assigned to private prisons remain officially in the custody of the CDOC, and the CDOC retains sole authority to assign and transfer inmates, make final determinations on disciplinary matters affecting liberty interests, make decisions that affect sentences or time served, including earned time credits, make recommendations to the state board of parole, develop work requirements, and determine eligibility for any form of release from a correctional facility. § 17–1–203.

508 F. App'x at 751.

Similarly, sex offender treatment is administered by the SOTMP, which is set forth in AR 700-19 and provides, "It is the policy of the *Colorado Department of Corrections* (DOC) to provide specialized sex offense specific treatment to identified offenders to reduce recidivism and enhance public safety by providing a continuum of

identification, treatment, and monitoring services throughout incarceration." (*See* Dkt. #21-1 at 1 (emphasis added).)

Plaintiff does not allege that CoreCivic has any authority over his eligibility for and access to sex offender treatment or how the SOTMP is otherwise implemented. This power is vested in the CDOC. Accordingly, Plaintiff has failed to identify a policy or custom of CoreCivic that caused his injury, and his § 1983 claims against this defendant should be dismissed.

## CONCLUSION

It is hereby **RECOMMENDED** that the CDOC Defendants' Partial Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. #21) and Defendant CoreCivic's Motion to Dismiss (Dkt. #33) be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colo. Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated:   February 7, 2024
        Denver, Colorado

_____
N. Reid. Neureiter
United States Magistrate Judge